IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| The Prudential Insurance Company of America, | ) ) ) | C/A: 3:12-cv-00037-JFA |
| Plaintiff, | ) ) | ORDER |
| vs. | ) ) | |
| Stacy Edward Wade; Edith Redden; and Larry Redden, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

This is an interpleader action filed by The Prudential Insurance Company of America ("Prudential"), which sought to resolve competing claims to a life insurance policy issued by Prudential on the life of Charnel M. Redden ("Decedent"). Named as defendants were the husband of the Decedent, Stacy Edward Wade ("Wade"), and the parents of the Decedent, Edith and Larry Redden ("the Reddens"). At the time the complaint was filed, Wade had been indicted for the murder of the Decedent, and Prudential had in its possession a letter from Assistant Solicitor Kate Whetstone Usry stating that, in her opinion, the Decedent's death was the result of an intentional act by Wade.

After Prudential filed its complaint, the Reddens signed a document waiving service of the pleadings and filed an answer asserting their claim to the death benefits payable under the insurance policy. ECF No. 6. Wade did not sign the waiver of service, and, for that reason, the insurance company accomplished personal service on Wade on February 25, 2012, as evidenced by an affidavit of personal service entered on the docket. ECF No. 10-2.

Wade never responded to the complaint, and, in due course, this court granted Prudential's motion for default judgment and awarded summary judgment to the Reddens. ECF No. 33. The funds representing the proceeds of the insurance policy, which Prudential had deposited into the Registry of this Court, were dispersed to the Reddens.

Now before the court is a "Motion for Relief from the District Court's Order" filed by Wade on January 30, 2014. ECF No. 35. In his pleading, Wade argues that his incarceration impeded his ability to protect his interests in this action; he contends that he was never properly served with the pleadings; and he points out that, ultimately, he was acquitted of the murder charge (although, for undisclosed reasons, he remains incarcerated). Prudential and the Reddens oppose Wade's motion, ECF Nos. 39, 40, and the Reddens indicate that the proceeds from the insurance policy have paid for the Decedent's funeral and have paid off their home mortgage.

The court finds Wade's arguments unavailing. First, although Wade denies that he was served with the pleadings, the court was presented with an affidavit of personal service duly notarized and filed with this court more than eleven months before Wade filed the current motion. Second, Wade's contention that he was not properly served is belied by the fact that he states, in his motion, that the complaint fails to mention the specific relief sought by Prudential and that, for this reason, he thought that the only thing that would happen, should he fail to respond to the complaint, was that the funds would be deposited into the Court's Registry. ECF No. 35, p. 3. (In his motion, Wade contends that because he was laboring under this "misconception," he failed to respond to the complaint. *Id*.) Third, as

the Reddens point out in their opposition memorandum, Wade's incarceration has not hampered his ability to file this *pro se* motion, nor has it impeded his ability to make contact with prospective legal counsel. In fact, as Wade suggests in his own motion, he has sought legal counsel, has made contact with at least ten attorneys, and has had at least one other attorney visit him in jail. For these reasons, the court is constrained to deny Wade's motion.

Furthermore, the court notes that this action is a civil case with a lower burden of proof (preponderance of the evidence) compared to the burden shouldered by the prosecution in a criminal case (beyond a reasonable doubt). Thus, the fact that Wade was acquitted in the criminal trial is not conclusive in this action.

For all the foregoing reasons, the motion for relief is denied.

IT IS SO ORDERED.

*/s/ Joseph F. Anderson, Jr.*

March 6, 2014                                   Joseph F. Anderson, Jr.
Columbia, South Carolina              United States District Judge